**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6564**

_____

CECIL GUY TRUMAN,

              Petitioner - Appellant,

        v.

P.A. WHITE, Warden,

              Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:20-cv-00602-LMB-IDD)

_____

Submitted:  November 22, 2022                    Decided:  November 29, 2022

_____

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Cecil Guy Truman, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Guy Truman seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2254 petition and denying his postjudgment motion for appointment of counsel and a hearing, which the court construed as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b).

We conclude that Truman's appeal is untimely as to the district court's order dismissing his § 2254 petition. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court entered its order dismissing the § 2254 petition on January 14, 2021. Truman filed the notice of appeal on April 29, 2022.[*] Because Truman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we lack jurisdiction to consider this portion of the appeal.

As to Truman's appeal of the denial of his Rule 60(b) motion, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Truman could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Truman has not made the requisite showing. Accordingly, we deny Truman's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*